```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  HATTIESBURG DIVISION
```

DERRICK SANDERS, #79554                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO.  2:08cv125KS-MTP

WARDEN JOHNNIE DENMARK, et al.                            DEFENDANTS

## OPINION AND ORDER

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  Plaintiff Derrick Sanders was housed at the South Mississippi Correctional Facility (SMCI), Leakesville, Mississippi, when he filed the instant civil action.  Based on the return address of an envelope received by this court on September 3, 2008, he is now an inmate at the Harrison County Community Work Center, Gulfport, Mississippi.  He has filed this complaint pursuant to 42 U.S.C. § 1983 naming as defendants Warden Johnnie Denmark, Superintendent Ronald W. King, Associate Warden Connie Smith and Janes Guest, Director of Offender Services.  As relief, the plaintiff seeks a transfer to the Alcorn County Community Work Center.

## Background

The plaintiff complains that he was classified to be housed at a Community Work Center (CWC), but remained housed at SMCI.  As a result, the plaintiff asserts that he was housed with violent offenders in a more restricted housing unit.  According to the plaintiff, the prison officials are not following the Mississippi Department of Corrections (MDOC) policy for housing

an A-custody inmate. Because he continued to be housed at SMCI even though he had been classified for a CWC, the plaintiff filed the instant civil action.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed above, the plaintiff's claim concerning being housed in a particular facility is frivolous[1], therefore this complaint shall be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), with prejudice.

Initially, this court finds that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v.

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir.1995); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir.1986).

In the case at bar, it is clear that the plaintiff does not have a constitutionally protected right to be housed in a particular facility while incarcerated. Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Since the placement at a certain institution is not an "atypical and significant hardship", there has been no constitutionally protected right created. The Mississippi statute governing commitments to the Department of Corrections establishes that a person is committed to the "department, not to a particular institution or facility." MISSISSIPPI CODE ANNOTATED § 47-5-110 (1972), as amended. The defendants' decision to house the plaintiff at SMCI or Harrison County Community Work Center instead of a facility of the plaintiff's choosing does not violate his constitutional rights. Additionally, the delay in placing the plaintiff at a CWC does not violate his

3

constitutional rights.  Therefore, the plaintiff cannot maintain this civil action.

## Conclusion

As discussed above, there is no constitutionally protected right to be placed in a certain facility and the alleged failure to the defendants to follow MDOC policy and procedure on this matter does not constitute a constitutional violation. Therefore, the plaintiff cannot maintain this civil action and it will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## Three-Strikes provision

Since this case is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), it will be counted as a "strike".  See 28 U.S.C. § 1915(g).  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this opinion and order.

SO ORDERED this the 17th day of September, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE